IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK ALAN LANE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 21-CV-1692-SMY |
| | ) |
| WARDEN D. SPROUL, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Mark Alan Lane, currently incarcerated at the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence (Doc. 1). Specifically, Lane argues that the Bureau of Prisons ("BOP") incorrectly deemed him ineligible to earn time credits under the First Step Act (Doc. 1, p. 9).

Following briefing by both parties, this matter is now ripe for resolution (Docs. 1, 11, 12). For the following reasons, Lane's Petition will be **DISMISSED**.

**Factual Background**

On February 27, 2002, Lane was sentenced in the Southern District of Indiana to 360- and 240-months terms of imprisonment on one count of Conspiracy to Possess with Intent to Distribute Methamphetamine and to Distribute Methamphetamine and one count of Conspiracy to Launder Money Instruments, to be served concurrently (Doc. 11-4, pp. 2-3). He received a sentencing guidelines enhancement because "he supplied methamphetamine to be dealt by others, and recruited others to deal methamphetamine for him" (Doc. 11-1, p. 2). On direct appeal, the Seventh Circuit Court of Appeals affirmed the enhancement and the district court's finding that he was a "manager or supervisor" of such criminal activity: "Relying on Agent Kress' testimony and the

facts in the PSR (which Lane did not dispute), the court found that Lane had 'set the parameters for the drug deals and the money collection. He supplied methamphetamine to be dealt by others and recruited sellers to deal methamphetamine' and thus acted as a 'manager or supervisor' in the criminal activity." *United States v. Lane*, 52 Fed.Appx. 838, 839-840 (7th Cir. 2002).

## Discussion

The Attorney General, acting through the BOP, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." *United States v. Wilson,* 503 U.S. 329, 335 (1992).  An inmate can challenge the calculation of his sentence, including time credits, in a § 2241 petition.  *Setser v. United States,* 566 U.S. 231, 244 (2012).

The First Step Act ("FSA") directed the Attorney General to establish a system where eligible inmates can participate in recidivism reduction programs in order to earn time credits toward their sentences.  *See*, 18 U.S.C. § 3632(a).  Specifically, 18 U.S.C. § 3632(d)(4)(A)(i) provides that an eligible prisoner "shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." Under the FSA, however, sentence credit is not available for inmates serving a sentence for certain crimes.  18 U.S.C. § 3632(d)(4)(D).  Specifically, the FSA excludes individuals from earning time credits where they are serving a sentence for a conviction under the Controlled Substances Act, 21 U.S.C. § 841(b)(1), "relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, or knowingly importing or exporting, a mixture of substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers," where the sentencing court finds the offender was a manager or supervisor of others in the offense, "as determined under the guidelines promulgated by the United States Sentencing Commission." 18 U.S.C. § 3632(d)(4)(D)(lxvii).

Here, Lane is ineligible for time credits under the FSA based on his role as a manager or supervisor in the sell and distribution of methamphetamine. *United States v. Lane*, 52 Fed.Appx. 838 (7th Cir. 2002). Thus, his challenge to the BOP's determination of his ineligibility for time credits under the FSA is without merit.

### Disposition

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**.

If Lane wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 30 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal. A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Lane does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: October 20, 2022**

*Staci M. Yandle*

**STACI M. YANDLE**
**United States District Judge**